IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Frontier Communications of America, Inc., and The Southern New England Telephone Company, and SNET America, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Mobi Telecom, LLC, and John Does 1-10 <br><br> Defendants. | Civil Action No. 3:22-cv-00218 (MPS) <br><br><br><br><br><br><br><br> October 10, 2023 |

**PLAINTIFFS' RENEWED REQUEST FOR INJUNCTIVE RELIEF**

Plaintiffs Frontier Communications of America, Inc., The Southern New England Telephone Company, and SENT America, Inc., by and through undersigned counsel, hereby file their Renewed Request for Injunctive Relief as requested by the Court in its order dated September 1, 2023, (ECF No. 35), which granted in part and denied in part Plaintiffs' Motion for Default Judgment (ECF No. 34). In support Plaintiffs state as follows:

1. On September 1, 2023, this Court granted in part and denied in part Plaintiffs' Motion for Default Judgment against Defendant Mobi Telecom, LLC ("Defendant" or "Mobi").

2. The Court, more specifically, granted Plaintiffs' motion as to a finding of liability against Defendant but denied Plaintiffs' requested relief. (ECF No. 35 at 12.)

3. The Court reasoned that the injunctive relief requested by Plaintiffs was too broad, because it "would prohibit the defendant altogether from engaging in lawful commercial business." (ECF No. 35 at 10.)

4.      The Court denied Plaintiffs' requested damages, reasoning that it was unable to "determine the amount of damages with reasonable certainty" based on the pleadings Plaintiffs submitted to the Court.

5.      The Court denied recovery of attorney's fees and costs given that Plaintiffs did not provide attorney billing records and hourly rates with their Motion for Default Judgment.

6.      The Court ruled that it would allow Plaintiffs to submit additional information to support their requested remedies and stated that the Court would "issue any injunctive relief and award any damages and attorneys' fees after receiving the additional submissions[.]"

7.      By Order dated October 3, 2023, the Court extended the deadline for such submissions until October 17, 2023. (ECF No. 36.)

8.      After considering the likelihood of actual monetary recovery against the Defendant and its ability to evade detection and legal processes, Plaintiffs have decided to forgo their request for monetary damages.

9.      The expense of proving and providing further evidence to obtain a damages award that is likely unrecoverable is not justified considering the small likelihood Plaintiffs will be able to locate the Defendant and recover any judgment from it.

10.     Plaintiffs, therefore, narrow their request for injunctive relief, and request that the Court enjoin Mobi from routing illegal robocalls to Plaintiffs' customers. Specifically, Plaintiffs request that the Court permanently enjoin Mobi from routing phone calls to Plaintiffs' customers made using an automatic telephone dialing system to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes. This requested relief is far narrower and more tailored to address the harm to Plaintiffs.

11.     This requested relief merely prohibits Mobi from routing illegal robocalls to Plaintiffs' customers.  It does not prohibit Mobi from routing any other calls and from operating as a phone carrier.

12.     This revised request for injunctive relief is "no broader than necessary to cure the effects of the harm caused by" Defendant's tortious and illegal conduct. *Forschner Grp., Inc. v. Arrow Trading Co.*, 124 F.3d 402, 406 (2d Cir. 1997).

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs a permanent injunction against Mobi which enjoins Mobi from routing phone calls to Plaintiffs' customers made using an automatic telephone dialing system to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes.

Dated: October 10, 2023

                THE PLAINTIFFS,

BY: */s/ Calvin K. Woo*
    Calvin K. Woo (ct24497)
    Kristen G. Rossetti (ct30503)
    VERRILL DANA LLP
    355 Riverside Avenue
    Westport, CT 06880
    Tel. (203) 222-0885
    Fax (203) 226-8025
    cwoo@verrill-law.com
    krossetti@verrill-law.com

        Rubén Castillo (admitted *pro hac vice*)
        AKERMAN LLP
        71 South Wacker Drive, 47th Floor
        Chicago, Illinois 60606
        (312) 634-5700
        ruben.castillo@akerman.com

        Ildefonso Mas (admitted *pro hac vice*)
        AKERMAN LLP
        750 Ninth Street, N.W., Suite 750
        Washington, D.C. 20001
        (202) 393-6222
        ildefonso.mas@akerman.com

        *Attorneys for Plaintiffs*

## CERTIFICATION

I hereby certify that on October 10, 2023, a copy of the foregoing was served on the following defendant by first-class mail, postage prepaid, addressed as follows:

Mobi Telecom LLC
1309 Coffeen Avenue, #1200
Sheridan, Wyoming 82801

                                                    /s/ *Calvin K. Woo*
                                                    Calvin K. Woo, Esq.
                                                    Federal Bar No. ct24497
                                                    VERRILL DANA LLP
                                                    355 Riverside Avenue
                                                    Westport, CT  06880
                                                    Tel: 203-222-0885
                                                    Fax: 203-226-8025
                                                    Email:  cwoo@verrill-law.com